Henry Epstein, J.
In this proceeding the Irving Trust Company as trustee seeks a construction of paragraph Second of the trust indenture, designed to advise said trustee whether it has the power to invade the principal for the benefit of donor-beneficiary. The trust was created by the donor, with herself as life beneficiary, on March 7, 1935. The trust securities have declined in value from some $99,000 to about $87,000. The trustee is vested with a discretion to invade principal and has done so heretofore to the extent of about $6,500. The income of this trust has also declined from slightly over $100 a week to about $60 a week. The donor has no other source of income except small earnings as a“ baby-sitter ’ \ The trust was created hy her to safeguard it from her divorced husband and to insure her a basic source of livelihood. Now this elderly woman is being economically starved by her own aim to protect herself and her children and grandchildren. Paragraph ‘ ‘ Second ’ ’ of the Trust Agreement reads: “Second: Notwithstanding anything to the contrary herein contained, the Trustee may from time to time in its sole discretion pay to or for the account of the Donor, such sums out of the principal of said trust, not exceeding five per cent. (5%) thereof in any one year, as the Trustee may deem requisite and necessary, for the purpose of meeting any illness or emergency, including but not limited to defraying the expense of medical or surgical attention or hospital board and/or treatment of any illness or infirmity of the Donor. As evidence of the existence of any such illness or emergency affecting the Donor, the Trustee is authorized to rely upon the statement in writing of the Donor, as the beneficiary of the trust.”
*113 The trustee here wishes to invade the principal to the extent authorized in the above paragraph ‘ ‘ Second ” under its discretionary power (Matter of Guinness, 138 N. Y. S. 2d 172), but asks authority of this court in order properly to protect itself as such trustee. This calls for a resolution of the question whether the need of the donor-beneficiary constitutes an “ emergency ” within the meaning of the above paragraph.
This court entertains no doubt whatsoever that the trust funds should be available to alleviate her hardship and that the trustee should be authorized to make such invasion of principal to the extent indicated for the donor-petitioner. Order should be presented promptly to carry out this direction, or, if the trustee is so advised, this may be deemed such order.